**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SEAN BARNHILL,** | ) | **CASE NO.1:15CR0048** |
| | ) | **1:17CV2294** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #40) and Motion for Leave to Supplement the Record (ECF#43). The Government filed a Response in Opposition to Petitioner's Motion (ECF#46). For the following reasons, the Court denies Petitioner's Petition.

**FACTS**

On February 3, 2015, a federal grand jury in the Northern District of Ohio indicted Petitioner with Receiving and Distributing Visual Depictions of Real Minors Engaged in

1

Sexually Explicit Conduct and Access with Intent to View Child Pornography. On July 13, 2015, Petitioner pleaded guilty to Count One, Receiving and Distributing Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct without a plea agreement. On October 30, 2015, the Court sentenced Petitioner to a Guidelines sentence of 180 months' imprisonment, a life term of Supervised Release that included compliance with the Sex Offender Registration and Notification Act, and a $100 Special Assessment.

Petitioner filed a Notice of Appeal on November 5, 2015. The Sixth Circuit Court of Appeals affirmed the district court's Judgment and dismissed the Appeal without prejudice to allow Petitioner to present his ineffective assistance claim in a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. On July 6, 2017, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody asserting five grounds for relief: District Court Error and Ineffective Assistance of Counsel. On November 22, 2017, Petitioner filed a Motion for Leave and Additional Claims for Relief, asserting four additional grounds for relief: Ineffective Assistance of Counsel, District Court Error and Jurisdiction. On January 29, 2018, Respondent filed its Response in Opposition. On March 12, 2018 Petitioner filed his Response to Opposition to the Government's Opposition.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

2

maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

In Grounds Two, Three, Four, Six and Nine Petitioner contends that he was denied effective assistance of counsel. To make an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland,* the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In Ground Two, Petitioner alleges that counsel failed to investigate and failed to suppress evidence.  In Ground Three, Petitioner alleges that counsel failed to obtain an expert and failed to object to sentencing guidelines.  In Ground Four, Petitioner alleges that appellate counsel failed to challenge the factual basis, the affidavit, warrant and Petitioner's statements.  In Ground Six, Petitioner alleges that counsel failed to file motions that Petitioner wanted filed.  In Ground Nine, Petitioner alleges appellate counsel should have raised additional issues.

Respondent's Opposition clearly and thoroughly outlines the steps taken by counsel in preparing Petitioner's defense.  Counsel did what the law requires by looking at the images; counsel correctly concluded that there was no basis for suppression motions for either the search warrant or the statements; counsel considered and ultimately rejected hiring a forensic expert in light of the facts of the case; and counsel presented his objections to the Presentence Report in a letter to the Probation Officer. At sentencing counsel argued his objections to a sentencing enhancement, but then withdrew his objections and acknowledged that the enhancement was appropriate.

At the plea colloquy the Court determined that Petitioner understood the elements of the offense.  Petitioner stated that he agreed to the facts that make up the elements of the offense.  Petitioner stated that he was satisfied with his counsel and understood everything that had transpired in his case.  "Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Court was satisfied that Petitioner understood everything that was happening in his case.

Petitioner fails to show how counsel's performance was deficient in any way. Petitioner fails to point to any error by counsel at any point during the proceedings or on appeal. Petitioner's allegations of ineffectiveness are not supported by case law, directly contradict the facts, are misleading at the least and untrue. Petitioner was interviewed in his own home, was not under arrest as he claimed, drove himself to the FBI office, was not in custody, waived his rights and agreed to take a polygraph examination.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance resulted in prejudice to him, i.e. the district court applied enhancements that were incorrect and likely resulted in a higher sentence. *Strickland*, 466 U.S at 694. While Petitioner claims that counsel should have filed a motion to disqualify the Special Assistant United States Attorney assigned to his case, he fails to present any evidence to support a motion. Petitioner was previously acquainted with the SAUSA from his service in the coast Guard. The Court agrees with Respondent that the SAUSA's interest in the outcome of this case was professional, not personal, and Petitioner cannot show how the outcome of his case would have been different with a different prosecutor.

The same standard that governs a Sixth Amendment claim for ineffective assistance of counsel at trial under *Strickland* applies to determine the adequacy of counsel on direct appeal. *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004)(citing *Strickland*, 466 U.S. at 687). Respondent points out that in *Wilson v. Parker*, 515 F.3d 682, 706-07 (6th Cir. 2008), the Sixth Circuit succinctly summarized the analysis that the federal courts use to analyze a claim of ineffective assistance of

5

appellate counsel. To quote *Wilson*:

> To evaluate a claim of ineffective assistance of appellate counsel, we assess the strength of the claim appellate counsel failed to raise. 'Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.' *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). 'If there is a reasonable probability that [the defendant] would have prevailed on appeal had the claim been raised, we can then consider whether the claim's merit was so compelling that appellate counsel's failure to raise it amounted to ineffective assistance of appellate counsel.' *Id.* at 700.

*Wilson*, 513 F.3d at 707.

Appellate counsel argued ineffective assistance in the appeal. Petitioner now contends that appellate counsel should have argued additional issues that have now been shown to be without merit. Not every non-frivolous issue must be raised by counsel on direct appeal in order to avoid a claim of ineffective assistance. *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)*; Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). It is clear to the Court that counsel's strategy to raise this issue on appeal shows that counsel considered it to be the most beneficial to Petitioner. The presumption that counsel has rendered effective assistance on appeal will be overcome only if the ignored issue was clearly stronger than the issues presented. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Petitioner cannot overcome this presumption.

Before a hearing on a Section 2255 petition must be held, "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976). Petitioner has not shown that he

6

was provided ineffective assistance at any stage in his case. Petitioner has offered no proof beyond mere allegations that his counsel's performance was deficient. Therefore, Grounds Two, Three, Four, Six and Nine are denied as without merit.

Petitioner also alleges that in Ground One the Court erred during the plea colloquy, in Grounds Five and Seven the Court erred at sentencing and in Ground Eight the Court should not have allowed Petitioner's military history to be presented at sentencing.

As outlined above, the Court thoroughly questioned Petitioner during the plea colloquy. Petitioner stated that he understood everything that had happened in his case, he understood the charges and agreed with the facts as presented. The Court agrees with Respondent that Petitioner faces a heavy burden in collaterally attacking a guilty plea based on allegations contrary to oral responses given in open court during a Rule 11 colloquy. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992); see also *Blackledge,* 431 U.S. at 73-74, ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea or sentencing] hearing, as well as any findings made by the judge in accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (explaining that failing to hold defendants to their statements would "render the plea colloquy process meaningless" and "condon[e] the practice by defendants of providing untruthful responses to questions during plea colloquies").

Petitioner cannot show that any error occurred during the plea proceedings. Ground One is denied.

In Ground Five, Petitioner alleges that the Court should not have applied

7

sentencing enhancements without evidence established on the record.  Respondent argues that the enhancement under USSG § 2G2.2 (b)(4) for sadistic or masochistic images does not require that Petitioner have affirmatively sought out such material.  The application notes make clear that the enhancement applies "regardless of whether the defendant specifically intended to possess, access with intent to view, receive, or distribute such materials."  USSG § 2G2.2, comment.

The Court agrees.  Such images are unquestionably sadistic and warrant the enhancement.  *United States v. Groenendal*, 557 F.3d 419, 425-26 (6th Cir. 2009) (collecting cases where images depicting the penetration of prepubescent female were deemed sadistic); *United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001) (depiction of adult males urinating on minor female was sadistic).  Petitioner had numerous images such as this on multiple devices.  As stated above, at sentencing counsel objected to the enhancements but then withdrew the objection after conferring with Petitioner.  Petitioner fails to provide any information to persuade the Court that the enhancements were applied in error.  Ground Five is denied.

In Ground Seven, Petitioner alleges the Court erred at sentencing by imposing an unreasonable sentence.  Respondent correctly points out that a sentence within the United States Sentencing Guidelines has a presumption of reasonableness.  The advisory range for Petitioner was 151-188 months.  Petitioner was sentenced to 180 months.

The federal courts of appeals review federal sentences and set aside those they find "unreasonable."  *See e.g., United States v. Booker*, 543 U.S. 220, 261-263 (2005).  "Several Circuits have held that, when doing so, they will presume that a sentence

8

imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence." *Rita v. United States,* 551 U.S. 338, 341 (2007). The Supreme Court in *Rita* upheld the findings of the Circuit Courts. *Id.* In this case, the Court imposed a sentence that reflected the seriousness of the crime, in spite of counsel's attempt to mitigate Petitioner's behavior. Ground Seven is denied as meritless.

In Ground Eight, Petitioner alleges that the Court lacked jurisdiction to allow Petitioner's military history to be presented in a civilian court. When the FBI executed a search warrant at Petitioner's home, he answered the door and announced himself as a Lieutenant with the U.S. Coast Guard. At sentencing Petitioner stated that he had many years of honorable, selfless service, sacrifice to our nation and had been recognized for positive actions throughout his service. Clearly, Petitioner hoped to mitigate his possible sentence by bringing his military history to the attention of the Court. Respondent however, pointed out that Petitioner's position of public trust as a military officer is an aggravating factor for his offense.

There is no requirement that a service member must be prosecuted in military courts instead of civilian courts.

> It is well established that, under proper circumstances, as here, military and civilian courts enjoy concurrent jurisdiction to prosecute armed forces personnel for criminal wrongdoing, inasmuch as the military justice system was designed to supplement rather than displace the civilian penal system, and such concurrent jurisdiction affords the pertinent authorities a choice of forum in which to prosecute the offender, an election generally resolved by considerations of comity and relevant military and civilian interests.

*United States v. Talbot*, 825 F.2d 991, 997 (6th Cir. 1987). Petitioner fails to provide any factual basis to support this claim. Ground Eight is denied.

9

Petitioner has not demonstrated that his counsel's representation was objectively unreasonable. This Court finds Petitioner has not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner has put forth claims that are untrue and has consistently tried to mislead the Court about the facts in this case. Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

10

IT IS SO ORDERED.

June 4, 2018  s/Christopher A. Boyko
Date  CHRISTOPHER A. BOYKO
United States District Judge